## THE PLEA OF CONTRIBUTORY NEGLIGENCE.

[Common Pleas Court of Licking County.]

### WILLIAM VANATTA v. THE BALTIMORE & OHIO RAILROAD COMPANY.

Decided, October, 1906.

*Pleading—Contributory Negligence as a Defense—Acts which Constitute, Must be Set Out—Motion to Strike Out.*

Where a defendant pleads contributory negligence in an action for damages on account of negligence, he may be required to set out the acts of negligence on the part of the plaintiff upon which he relies.

SEWARD, J. (orally).

This case is submitted to the court upon a motion to strike from the answer the second defense, which is a plea of contributory negligence, without setting out what acts constitute the contributory negligence. This court held in the cases of *Rector* v. *The Columbus, Buckeye Lake & Newark Traction Company* and *Priest* v. *The Columbus, Buckeye Lake & Newark Traction Company,* that a pleading setting up contributory negligence, without setting out the acts constituting the contributory negligence, is not good pleading; and the court cited at that time, without reading it, a case in the 118 Federal Reporter, 653, which seems to be decisive, if it is good law, of this contention. Counsel for the defendant have cited the court to the decision of Judge Belden of Butler county, which holds to the contrary, and there is some difference of opinion of courts. The matter has never been decided by the Supreme Court, but this court thought that good reason indicated that a defendant

who pleaded contributory negligence as against the plaintiff's claim should be held to the same rule of pleading as the plaintiff would be held to if pleading were filed charging the defendant with negligence, without stating what acts constitute the negligence; and a demurrer would be good as to that, or a motion to make it more definite and certain, by setting out the acts which constitute the negligence.   The question ought to be presented to the Supreme Court, and passed upon by that court.

The case in the 118 Federal Reporter, page 653, is *McInerney* v. *Virginia-Carolina Chemical Co.*, decided by the Circuit Court of South Carolina, I quote:

"[*Contributory negligence.*]   Under the rule of code pleading that the facts relied on be stated in a clear and concise manner, an answer alleging that the injuries causing the death of plaintiff's intestate arose from his carelessness, negligence, and fault may be required to be made more definite."

The court say:

"These are motions to make the answer and the amended answer more definite and certain.   The complaint seeks damages for personal injuries to the plaintiff's intestate caused by the alleged negligence of defendant.   It states that the intestate was a stevedore at work unloading cargo from a steamship at defendant's wharves.

"The mode of presenting the defense of contributory negligence used by the defendant in this case is in accordance with the practice which has prevailed in South Carolina since the adoption of code pleading, in 1870.   No question has been made of it at any time, at least none which has been passed upon in any reported case.   It is therefore *res integra* in this jurisdiction.   But if the practice be tested by the rules of code pleading, it will appear that it is defective.   The rule governing all code pleading—complaint and answer—is that the facts relied upon be stated in a clear and concise manner, and from the facts so stated the legal conclusion is drawn."

That is, the facts shall be stated in a clear and concise manner, and not conclusions from the facts.

"If a defendant charged with negligence relies on contributory negligence on the part of the plaintiff, he must plead it specially, and when pleaded the burden of proof is on him to maintain it (*Railroad Co.* v. *Horst*, 93 U. S., 298).   It is an

affirmative defense in the nature of a plea of confession and avoidance.

"This defense goes farther than a denial. Under the defense of a general denial, the plaintiff must prove that the negligence of the defendant was the proximate cause of the injury. And the defendant can introduce any evidence contradicting that. He may show that his conduct in no wise contributed to the injury, and may go farther, and show that the injury was caused wholly by the act of the plaintiff. But where he sets up the defense of contributory negligence, he, in effect, says: 'It may be true that I was negligent, but at the same time I can show that you also were negligent, and so notwithstanding my negligence you can not recover.' In other words, by inserting this defense, he introduces new matter—other facts, which, if they do not justify him, debar the plaintiff. And under the rule of code pleading he must set out concisely these facts from which the legal conclusion can be drawn. Before the plaintiff can recover, he must set out, as well as prove, the specific acts of defendant by which negligence will appear; and so, when defendant relies for his defense on the contemporaneous negligence of plaintiff, he must set out the facts—the specific acts of plaintiff by which his negligence will appear. To put it another way: If defendant wishes to rely upon the rule that the plaintiff must prove his case, the general denial would accomplish his purpose. If he intends to go beyond this, and to avail himself of a defense, notwithstanding that negligence may be proved against him, by showing contributory negligence on the part of the plaintiff, he must state his facts upon which he relies, from which negligence could be inferred."

This court is abundantly satisfied with its former holding. This is a motion to strike this second defense from the answer. The court does not think that motion can be sustained, but the court will treat it as a motion to make more definite and certain, and will order the second defense in the answer to be made more definite and certain.

*Smythe & Smythe* and *Russell & Horner*, for plaintiff.
*Kibler & Montgomery*, for defendant.